UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JENIFER A. LOCKWOOD,

      Petitioner,

v.                                      Case No.  3:15cv332/LC/CJK

JULIE JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, providing relevant portions of the state court record.  (Doc. 13).  Petitioner replied.  (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the court show that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On May 14, 2009, petitioner was charged in Escambia County Circuit Court Case No. 09-CF-1894, with trafficking in illegal drugs (28 grams or more but less than 30 kilograms of hydrocodone) (Count 1), and obtaining drugs by fraud or forging a prescription (obtaining hydrocodone from Food World) (Count 2). (Doc. 13, Ex. A, p. 1).[1]  That same date, petitioner was charged in a separate case (Escambia County Circuit Court Case No. 09-CF-1895), with one count of obtaining drugs by fraud or forging a prescription (obtaining hydrocodone, Keflex and Naprosyn from WalMart). (Ex. A, p. 2).  On June 1, 2009, petitioner was charged in a third case (Escambia County Circuit Court Case No. 09-CF-2160), with one count of trafficking in illegal drugs (4 grams or more but less than 14 grams of hydrocodone). (Ex. A, p. 3).

Petitioner entered a counseled, negotiated plea of no contest to all counts in all cases as charged, with the exception of the trafficking charge in Case No. 09-CF-1894, to which she pled no contest to the lesser included offense of trafficking in 14 grams or more but less than 28 grams of hydrocodone. (Ex. A, pp. 20-24 (written plea agreement); Ex. A, pp. 13-19 (transcript of plea hearing)).  Petitioner's written plea agreement provided the following factual basis for the plea:

---

[1] All references to exhibits are to those provided at Doc. 13, unless otherwise noted.

**FACTUAL BASIS:** The **arrest report** or **offense report** or **probable cause affidavit** which is a part of the record filed with the clerk of the court is hereby incorporated by reference and agreed to by the defendant as a factual basis for this plea and/or the factual basis is as follows: **As [to] 09-1894: On March 16, 2009, the Defendant called in a false prescription for hydrocodone into the Food World Pharmacy. She subsequently went to pick up the prescription, and knowingly possessed more than 28 grams of Hydrocodone without a valid prescription. As to 09-1895: On April 8, 2009, the defendant went to the Walmart Pharmacy and attempted to get Hydrocodone, Xanax and other prescription drugs using a false prescription. As to 09-2160: [O]n May 11, 2009, in Escambia County, the defendant knowingly possessed 8.4 grams of Hydrocodone without a valid prescription. All of these events occurred in Escambia County.**

(Ex. A, p. 20).

During petitioner's plea colloquy petitioner reaffirmed, under oath and in open court, that her plea was based on the foregoing facts. (Ex. A, pp. 15-16). Following the plea colloquy, the court accepted petitioner's plea after finding it freely, knowingly and voluntarily given. (Ex. A, pp. 13-16). The court adjudicated petitioner guilty of the offenses in accordance with the plea agreement, and sentenced petitioner to the negotiated sentence. (Ex. A, pp. 16-18 (plea hearing transcript), pp. 20-37 (judgment and sentence)). Specifically, petitioner was sentenced in Case No. 09-CF-1894, to a mandatory minimum of 15 years in prison on Count 1, with a concurrent 5-year term of imprisonment on Count 2. (Ex. A, pp. 16-17). Petitioner was sentenced in Case No. 09-CF-1895, to 5 years in prison to

Page 4 of 16

run concurrently with all other counts and cases. (Ex. A, p. 17). Petitioner was sentenced in Case No. 09-CF-2160, to 15 years in prison with a 3-year mandatory minimum to run concurrently with all other counts and cases. As part of petitioner's plea agreement, the State agreed not to pursue charges against her for similar behavior she committed in 2008 and 2009, despite petitioner's having 10-26 other warrants for such charges. (Ex. A, pp. 17-18, 20). Petitioner's judgment was rendered July 22, 2009. (Ex. A, p. 20). The Florida First District Court of Appeal (First DCA) affirmed the judgment on June 18, 2010, per curiam and without a written opinion. *Lockwood v. State*, 38 So. 3d 136 (Fla. 1st DCA 2010) (Table).

Relevant to the present petition, on October 7, 2014, petitioner filed a second motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging newly discovered evidence. (Ex. B, pp. 1-9).[2] The circuit court summarily denied relief. (Ex. B, pp. 10-49). The First DCA affirmed, per curiam and without a written opinion. *Lockwood v. State*, 166 So. 3d 772 (Fla. 1st DCA 2015) (Table) (copy at Ex. D). The mandate issued July 14, 2015. (Ex. G).

Petitioner filed her federal habeas petition on July 21, 2015. (Doc. 1). The petition presents one claim: "Newly discovered evidence, violation of petitioner's

---

[2] The state court docket (Ex. B) reflects that petitioner filed a Rule 3.800(c) motion and a prior Rule 3.850 motion, which are not detailed here.

6th Amendment right – FDLE analyst who oversaw testing and weight of hydrocodone in petitioner[']s case has been charged with tampering or fabricating physical evidence to exhibits submitted to FDLE lab for testing." (Doc. 1, p. 4). Petitioner states that she discovered the factual predicate of her claim on February 4, 2014, following the arrest of Joseph Graves, an analyst for the Florida Department of Law Enforcement (FDLE) employed at the laboratory in Pensacola, Florida. (*Id.*). Petitioner alleges that Mr. Graves was charged with multiple counts of grand theft of a controlled substance, tampering with and fabricating physical evidence related to drug evidence submitted by law enforcement to FDLE for testing, and trafficking in illegal substances. (*Id.*). Respondent asserts that petitioner's claim is procedurally defaulted and without merit. (Doc. 13, pp. 8-14).

## DISCUSSION

Exhaustion and Procedure Default

Respondent asserts that petitioner's claim is procedurally defaulted because although petitioner now says that her claim is based on the Sixth Amendment, she did not raise that particular legal basis for relief in state court. Respondent notes that petitioner does not identify what aspect of the Sixth Amendment is implicated by her claim, but regardless, she did not mention, much less fairly present a Sixth Amendment claim to the state court in her second Rule 3.850 proceeding.

Respondent contends that because petitioner cannot now return to state court to exhaust the federal constitutional nature of her claim (if there is one), the claim is procedurally defaulted. (Doc. 13, pp. 8-12).

Petitioner responds that she satisfied the exhaustion requirement because the argument she presented to the state court was identical to the one she presents here, except that here she "included the words violation of her 6th Amendment Right." (Doc. 15, p. 3). Petitioner argues that "it is a known fact that TAMPERING WITH EVIDENCE is a violation of a defendant's constitutional right and . . . it is absurd for a Court to overlook the argument, or allow her to be procedurally barred". (Doc. 15, p. 3). Petitioner contends that by making an allegation of evidence tampering, she gave the state court the opportunity to apply relevant, controlling Sixth Amendment principles.

Any Sixth Amendment claim arising from petitioner's allegations is procedurally barred because petitioner did not fairly present that federal constitutional question to the state postconviction court. As the Eleventh Circuit explained in *French v. Warden, Wilcox State Prison*, 790 F.3d 1259 (11th Cir. 2015):

> The "fair presentation" requirement is designed to ensure that state courts have the opportunity to hear all claims. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). Accordingly, federal courts require a petitioner to present his claims to the state court "such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation." *Kelley v. Sec'y Dept. of Corr.*,

377 F.3d 1317, 1344-45 (11th Cir. 2004). . . . The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Id*. at 1345 (internal quotation omitted).

*Id*. at 1270-71.

Although it is difficult to "pinpoint the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies," it is clear that petitioner's state court pleadings did not meet this threshold. *See McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005). Petitioner's state postconviction motion and supporting memorandum cited exclusively to two state cases, and all of her substantive arguments addressed Florida law. In particular, petitioner argued that her case was analogous to *Kenyon v. State*, 146 So. 3d 1289 (Fla. 1st DCA 2014), where the First DCA reversed a defendant's trafficking in hydrocodone conviction. (Doc. 13, Ex. B, pp. 7-8 (discussing *Kenyon, supra*)). The court in *Kenyon* reversed on this basis:

After a jury trial, appellant was convicted of trafficking in hydrocodone. A witness at trial was an analyst employed by the Florida Department of Law Enforcement who testified about the nature and quantity of the controlled substance. After this appeal was initiated, this court relinquished jurisdiction to the circuit court to consider appellant's motion for post-conviction relief which raised a claim of newly discovered evidence: that the FDLE analyst who testified at appellant's trial had been arrested and charged with multiple counts, including grand theft of a controlled substance, tampering with or fabricating physical evidence related to exhibits submitted to FDLE for testing, and trafficking in illegal substances. The circuit court found

the motion for post[-]conviction relief to be well taken and that appellant should be granted a new trial.

*Kenyon*, at 1289. Petitioner's state court pleadings also discussed *Jones v. State*, 709 So. 2d 512, 521 (Fla. 1998), for the proposition that petitioner met Florida's "newly discovered evidence" standard for setting aside her conviction. (Ex. B, p. 8). Petitioner's state court pleadings made no mention of the United States Constitution, a right protected by the Constitution or federal law, any federal standard, or any federal case law. Petitioner's Rule 3.850 motion did not alert the state courts to a Sixth Amendment claim arising from Graves' conduct. *McNair*, 416 F.3d at 1302-04 (concluding that petitioner failed to fairly present his federal constitutional claim to the state court where he relied almost exclusively on state law and only referenced federal law twice: the first by citing to a federal case, and the second by stating in the closing paragraph of his argument that his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments were violated based on the jurors' consideration of extraneous evidence).

Additionally, although petitioner is correct that she presented the state court with the same <u>facts</u> supporting her present Sixth Amendment claim, that is not enough to satisfy the exhaustion requirement. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar

state-law claim was made." (citations omitted)); *Picard*, 404 U.S. at 277 (rejecting the contention that the petitioner satisfied the exhaustion requirement by presenting the state court only with the facts necessary to state a claim for relief); *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1350 (11th Cir. 2004) ("To exhaust the claim sufficiently, Kelley must have presented the state court with this particular legal basis for relief in addition to the facts supporting it."). As petitioner is barred by state procedural rules from returning to state court to present the federal constitutional nature of her claim, the claim is procedurally defaulted from federal habeas review.

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*citing Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995). The

*Schlup* standard is very difficult to meet:

> [A] substantial claim that constitutional error has caused the conviction
> of an innocent person is extremely rare. To be credible, such a claim
> requires [a] petitioner to support his allegations of constitutional error
> with new reliable evidence – whether it be exculpatory scientific
> evidence, trustworthy eyewitness accounts, or critical physical
> evidence – that was not presented at trial.

513 U.S. at 327. "To establish the requisite probability, the petitioner must show

that it is more likely than not that no reasonable juror would have convicted [her]."

*Id.*

Petitioner has made none of the requisite showings to excuse her procedural

default. Petitioner's claim is not one of factual innocence. Petitioner asserts:

"whether or not Joseph Graves was the actual analyst who worked on her case or

not, he was the supervisor and chemist at the FDLE lab and by virtue of his

supervisory position he had full access to the prescription pills from the above case

numbers sent by the Escambia County Sheriff's Department to be analyzed and

tested." (Doc. 1, p. 5) (emphasis added). Petitioner goes on to argue:

> Because it is uncertain based on Graves['] conduct and the lack of
> information disclosed to the public by law enforcement officials and
> prosecutors, it is uncertain whether or not the State of Florida had the
> ability to prosecute Ms. Lockwood in the first place because the
> evidence itself may have been purloined or tainted by Graves. Ms.
> Lockwood argues that a conviction for trafficking should not stand
> where it is probable that the evidence has been tampered with.

The petitioner argues that FDLE analyst Joseph Graves was originally arrested and charged in February 2014, that the facts submitted concerning the FDLE analyst were unknown at the time of her conviction, and that there is no way to determine whether or not the gram weight of the prescription pills submitted to the FDLE lab had been altered or fabricated in her case and that her 6th amendment rights have been violated.

(Doc. 1, p. 5). Petitioner does not allege under oath that she did not possess the relevant quantities of hydrocodone, and that Graves' arrest shows she did not. *See Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986) (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent").

Nonetheless, even assuming to petitioner's benefit (without deciding) that her claim <u>could</u> be construed as asserting factual innocence, and even further assuming that the arrest and prosecution of Mr. Graves <u>could</u> qualify as newly discovered evidence, petitioner still has not met her heavy burden under *Schlup*. As the state circuit court pointed out in rejecting petitioner's state law claim regarding the newly discovered evidence (and in concluding that petitioner was not entitled to withdraw her plea):

> Defendant stipulated to the arrest reports in the instant cases as part of the factual basis for her plea. In one case, 2009 CF 1894, the pills in question were apparently taken from Defendant while she was

at the pharmacy from which they were obtained, and consisted of 60 hydrocodone tablets, weighing approximately 38.8 grams. For this count, Defendant was allowed to plead to a lesser included offense of trafficking (14 grams or more, less than 28 grams). For the second case, 2009 CF 2016, the arrest report to which Defendant stipulated as a factual basis indicates that defendant had approximately 17 hydrocodone tablets in her purse. Defendant does not indicate that she is actually innocent of the charges, or that the information contained in the factual basis considered by the court was incorrect. She is not entitled to relief.

(Ex. B, p. 3) (footnote omitted).

The arrest reports are part of the record and confirm the state court's findings. The arrest report providing the factual basis for petitioner's plea to the trafficking charge in Case No. 09-CF-1894, states that Escambia County Sheriff's Office Investigator Carmona took custody of the pills at the Food World pharmacy, that the pills consisted of 60 hydrocodone (10 mg) pills, that <u>Carmona weighed the pills</u>, and that their total weight was <u>38.8 grams</u>. (Ex. A, p. 5). The arrest report providing the factual basis for petitioner's plea to the trafficking charge in Case No. 09-CF-2160, states that upon arresting petitioner at her residence, ECSO Investigator Carmona found 17 Lortab pills in petitioner's purse, that <u>Carmona weighed the pills</u>, and that their total weight was <u>11.1 grams</u>. (Ex. A, p. 12L). FDLE lab analyst Graves' arrest and/or prosecution for tampering with evidence does not show there has been a fundamental miscarriage of justice, nor does it undermine confidence in petitioner's plea.

CONCLUSION

To the extent petitioner's claim raises a federal constitutional challenge to her conviction, the claim is procedurally defaulted from habeas review.[3] Petitioner has made none of the requisite showings to excuse her procedural default. Petitioner has not shown cause for failing to present the federal constitutional nature of her claim to the state court. Petitioner's newly discovered evidence claim does not meet the miscarriage of justice exception. Federal habeas relief should be denied.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice

---

[3] To the extent petitioner's claim is based on state law, it is not cognizable on federal habeas review. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983) ("A state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, — L. Ed. 2d — (Feb. 22, 2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Jenifer Ann Lockwood*, Escambia County Circuit Court Case Nos. 09-CF-1894, 02-CF-1895, and 09-CF-2160, be DENIED.

2. That the clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 19th day of April, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.